[L.A. No. 28040.   In Bank.   Feb. 24, 1966.]

Estate of ALICE P. SIMMONS, Deceased. CAROLINE SKIDMORE BINGMAN, as Administratrix With the Will Annexed, etc., Petitioner and Appellant, v. CALVIN OTIS TOWNSEND, Objector and Respondent.

Hitchcock & Coulter and L. G. Hitchcock for Petitioner and Appellant.

Freda B. Walbrecht and Bernard G. Hiss for Objector and Respondent.

PETERS, J.—Caroline Skidmore Bingman, administratrix with the will annexed of the estate of Alice P. Simmons, deceased, appeals from a decree of distribution providing that

one half of the estate's undivided one-half interest in a certain parcel of real property shall be distributed to Calvin Otis Townsend and the remaining one half of the one half shall be distributed to Helen Skidmore, Charlotte Skidmore Cawest, and Caroline Skidmore Bingman.

The facts are as follows: John C. Simmons died on August 10, 1940, leaving a will in which he declared all of his property to be the community property of himself and his wife Alice. By the will he gave his one-half share of all of the community property to his nieces and nephews and their children (hereinafter referred to as the Wiley family) subject to a life estate in Alice. He made no attempt to dispose of his wife's community one-half interest.

Alice died on April 13, 1945, leaving a holographic will that contained certain specific bequests but did not dispose of the residue of her estate or of her one-half interest in the subject property. She left neither spouse nor issue, and her next of kin were her two sisters Eliza P. Skidmore and Josephine P. Bryant. Alice's one-half interest in the subject property was not included in the decree of final distribution of her estate entered on June 6, 1947.

In 1950 Townsend secured quitclaim deeds to the subject property from the Wiley family and from Eliza and Josephine.[1] Subsequently the proceedings in Alice's estate were reopened for the purpose of disposing of the subject property.

The administratrix petitioned for confirmation of a sale of the property for $750, and Townsend petitioned for preliminary distribution of the subject property to himself, alleging that he was the assignee of Eliza and Josephine and that they were the heirs of Alice.

Judge Newcomb Condee denied both petitions, finding that the sale by the administratrix was for an insufficient consideration, that the consideration given by Townsend to Eliza and Josephine was ''grossly unreasonable'' as that expression is used in section 1020.1 of the Probate Code, and that Townsend ''has no interest as an heir, assignee, or otherwise, in and to the assets of said estate, or any part thereof.'' The order denying distribution to Townsend was affirmed on appeal. (*Estate of Simmons*, 217 Cal.App.2d 580 [31 Cal. Rptr. 861].)

The administratrix then petitioned to have the estate's one-half interest in the property distributed to her, Helen Skid-

---

[1]Eliza and Josephine have since died, and Helen Skidmore, Charlotte Skidmore Cawest, and the administratrix are their residual devisees.

220

more, and Charlotte Skidmore Cawest without rendering an account, and each of them waived an accounting. Townsend objected, claiming a one-half interest in the estate's one-half interest in the subject property on the ground that as an assignee of the Wiley family he was entitled to such an interest under section 228 of the Probate Code. Townsend also moved to amend an alleged "clerical" mistake in the order denying his earlier motion for preliminary distribution by striking the part of the order stating he had no interest in the property as "an heir" or "otherwise," and to amend the order to state only that he has no interest as assignee of Josephine and Eliza.

Judge Condee denied the motion to amend the order denying the motion for preliminary distribution. On the same day, Judge Clarke E. Stephens heard the petition for distribution and the objections, and he subsequently entered the decree of distribution challenged on this appeal.

Each of the parties raises jurisdictional questions. The administratrix urges that Townsend by his objections to the petition for distribution sought to have the court determine he was an heir, that the proper procedure is a petition to determine heirship under section 1080 of the Probate Code, and that the procedure set forth therein was not followed. Section 1080 provides that any person claiming an interest in the estate "may" file a petition to determine that interest within four months after the first publication of notice to creditors in cases where no petition for distribution has been filed. Section 1082 of the Probate Code provides that a decree determining heirship which has become final is conclusive in any subsequent proceeding for distribution.

Section 1080 does not provide the exclusive method of determining heirship. The use of the word "may" in the section indicates that resort to that procedure is permissive, and that upon distribution of the estate, where no proceedings have been held pursuant to section 1080, a court may determine the persons who are by law entitled thereto. (See *Estate of Wilson*, 199 Cal. 199, 201-202 [248 P. 666]; *Estate of Schmierer*, 168 Cal. 747, 749 [145 P. 99].) If the rule were otherwise, an heir or legatee in order to protect his interest would have to assert his rights under section 1080 in every case, even where he did not anticipate any contest, or he would risk deprivation of his interest without any hearing in the event that the petition for distribution did not provide for his interest.

*Estate of Ward,* 127 Cal.App.2d 207, 209 [273 P.2d 601], is clearly distinguishable. In that case a petition to determine heirship was filed, and the objector failed to follow the procedure established by section 1080 of the Probate Code. Statements in the opinion to the effect that the procedure established by the code section is mandatory must be read in the factual context there present, namely, where, unlike the instant case, a petition to determine heirship has been filed.

Townsend claims that the appeal should be dismissed because it was taken by the administratrix in her representative capacity rather than in her individual capacity. ▆ However, it is settled that the designation of the appellant as administratrix in the notice of appeal may be considered *descriptio personae* and will not prevent determination of the appeal. (*Estate of Perkins,* 21 Cal.2d 561, 566 [134 P.2d 231].)

Thus we reach the merits of the appeal. They are dependent upon a proper application of section 228 of the Probate Code. It provides in part: ''If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and *belonged or went* to the decedent by virtue of its community character on the death of such spouse, or came to the decedent from said spouse by gift, descent, devise or bequest, . . . one half of such community property goes . . . in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other half goes . . . in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation.'' (Italics added.)

▆ It must be remembered that the right to succession is not an inherent or natural right. It is only by virtue of statute that an heir is given the right to receive any of his ancestor's estate. (*Estate of Knutzen,* 31 Cal.2d 573, 578 [191 P.2d 747]; *Estate of Berk,* 196 Cal.App.2d 278, 288 [16 Cal.Rptr. 492].) ▆ When the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*People* v. *Knowles,* 35 Cal.2d 175, 183 [217 P.2d 1]; *Ross* v. *City of Long Beach,* 24 Cal.2d 258, 260 [148 P.2d 649].)

There is no language in section 228 of the Probate Code conditioning its application upon the predeceased spouse leaving to the other spouse community property which was subject to the former's testamentary disposition. Although the

general purpose of the statute, which is to establish equality between the blood relatives of each of the spouses, might in some cases be served by such a condition, this is not true in every case. This is a legislative problem. The Legislature did not see fit to limit the application of section 228 to cases where the predeceased spouse leaves community property subject to his disposition to the surviving spouse. This court should not imply such a limitation. Moreover, in the present case, the predeceased spouse left his widow a life estate in the community property which was subject to his testamentary disposition.

Nor is there any language in the section limiting its application to property which was subject to the testamentary disposition of the predeceased spouse. To the contrary, the reference in the section to community property which "belonged or went" to the decedent by virtue of its community character demonstrates that the section is applicable to all former community property left by the decedent without regard to whether the property was subject to the testamentary disposition of the predeceased spouse.

The decedent left neither spouse nor issue, and the property involved here was formerly community property of her and the previously deceased spouse which "went" to her by virtue of its community character upon the spouse's death. Accordingly, section 228 of the Probate Code is applicable, and Townsend as assignee of the Wiley family, the next of kin of the predeceased spouse, is entitled to one half of the estate's one-half interest in the property, unless his rights are barred by the order denying preliminary distribution.

In preliminary distribution proceedings the decree is conclusive as to the property distributed, but it is not conclusive as to property remaining in the estate as to matters not actually determined. (*Estate of Toler*, 49 Cal.2d 460, 467 [319 P.2d 337]; *Estate of Kearns*, 129 Cal.App.2d 832, 839 [278 P.2d 85]; *Estate of Ampusait*, 131 Cal.App. 533, 537 et seq. [21 P.2d 691]; see 4 Witkin, Summary of Cal. Law (7th ed. 1960) Wills and Probate, § 289, pp. 3278-3279.) The property in issue was not distributed in the preliminary distribution proceedings, and Townsend's rights as assignee of the Wiley family were not asserted in those proceedings. Although the order denying the petition for preliminary distribution purports to determine broadly that Townsend has no interest in the property as assignee, the decision and its affirmance on appeal were based on the lack of consideration for the assignments by Eliza and Josephine (*Estate of Sim-*

*mons, supra,* 217 Cal.App.2d 580), the only assignment there involved. Insofar as the court purported to establish matters not essential to the judgment, its determinations are not binding on the parties in a subsequent action on a different cause of action. (*Albertson* v. *Raboff,* 46 Cal.2d 375, 384-385 [295 P.2d 405]; Rest., Judgments, § 68, com. o.)

*Burchell* v. *Strube,* 43 Cal.2d 828, 835 [279 P.2d 1], is distinguishable. That case holds that where the probate court in proceedings under section 1020.1 of the Probate Code invalidates an assignment of an heir's interest, the determination that the assignment is invalid is binding in later litigation in the superior court. In the present case Townsend is not seeking to enforce the assignment by Eliza and Josephine, declared to be invalid, but another and separate assignment, that of the Wiley family.

But the decree must be reversed for another reason. The administratrix asserts that her waiver of an accounting was made in contemplation of distribution of the estate in the manner she had requested, that when the court determined not to order such distribution she should have been permitted to file an accounting charging the estate with all expenses of administration, and that the decree of final distribution should be reversed to permit her to file the accounting. She is correct.

Ordinarily an administratrix should be permitted to waive her right to file an account if the estate is distributed in accordance with her petition for distribution without also waiving her right to file the account in the event that her petition for distribution is denied. This is particularly appropriate in a case such as the present one where the only asset is an undivided one-half interest in real property and where a sale will be required if the expenses of administration are to be paid from the estate. Treating the waiver as conditioned upon approval of the petition of the administratrix will secure the benefits of distribution in kind in the event that distribution is in accordance with the petition without requiring her to bear the costs of administration in the event that the property is distributed in another manner.

The decree of distribution is reversed. Since both appellant and respondent have prevailed on a material point, each side shall bear his or her own costs on this appeal.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.