[Civ. No. 11936.   Third Dist.   Jan. 21, 1969.]

HENRY CALDWELL, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, TRINITY ALPS LUMBER CO., et al., Respondents.

Leep & Saunders and Henry Saunders for Petitioner.

Levy, DeRoy, Geffner & Van Bourg and Gerald J. Tiernan as Amici Curiae on behalf of Petitioner.

Everett A. Costen, Selma Mikels, Hanna & Brophy and F. Clinton Murphy for Respondents.

BRAY, J.[*]—Petitioner seeks review and annulment of an *en banc* decision after reconsideration by respondent appeals board, denying him travel costs and temporary disability for one day's wage loss incurred in securing a doctor's examination and report.[1]

### QUESTION PRESENTED.

Are travel expenses and loss of wages incurred by an injured workman in securing his own doctor's examination and report to prove his claim reimbursable?

### RECORD.

Petitioner received an industrial injury and applied for compensation. Petitioner lives in Hayfork, California. He went to S. Malvern Dorinson, M.D., in San Francisco, for examination and a report which were requested by petitioner's attorney, which report he filed in the proceeding. The referee awarded petitioner reimbursement of his expenses incurred in visiting Dr. Dorinson, namely, a total of $50.64, covering travel of 62 miles each way, Hayfork to Redding and plane fare from Redding to San Francisco and return. Also, the referee awarded him loss of one day's wages.

Upon reconsideration granted by the appeals board[2] upon petition of the carrier, the award for expenses and wages above mentioned was denied on the ground that they were not provided for in section 4600, Labor Code.[3]

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]California Applicants Attorneys Association filed an amicus curiae brief in support of petitioner's contentions.

[2]Five members of the appeals board joined in the opinion and decision after reconsideration. Two members dissented.

[3]Petitioner was given a permanent disability award and Dr. Dorinson's fees. These are not in question.

*Petitioner's Expenses and Wages.*

On March 31, 1967, a three-man panel of the appeals board by a majority vote decided *Montoya* v. *State Comp. Ins. Fund,* 32 Cal. Comp. Cases 203, holding that section 4600 did provide in effect for reimbursement of the workman's expenses in obtaining an examination and report by his own doctor to prove his claim. In the instant decision, the board's majority expressly disapproved this holding.

Section 4600, Labor Code, is the section involved in the instant problem and is substantially the same as amended in 1959. The first paragraph of the section provides the basic medical, hospital and other treatment for compensable injuries. It then reads:

"In accordance with the rules of practice and procedure of the appeals board, the employee, or the dependents of a deceased employee, shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, medical reports, and medical testimony to prove a contested claim. The reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred. Expenses of medical testimony shall be presumed reasonable if in conformity with the fee schedule charges provided for impartial medical experts by the administrative director.

"*Where at the request of the employer,* the employer's insurance carrier, the administrative director, the appeals board or a referee, the employee submits to examination by a physician, he shall be entitled to receive in addition to all other benefits herein provided all reasonable expenses of transportation, meals and lodging incident to reporting for such examination, together with one day of temporary disability indemnity for each day of wages lost in submitting to such an examination." (Italics added.)

The appeals board's opinion states that prior to 1959 the section "might have been interpreted to allow reimbursement for *travel* 'expenses . . . necessarily incurred for . . . medical reports, and medical testimony to prove a contested claim.' In other words, the term 'expenses for medical reports and medical testimony' was perhaps broad enough to embrace travel expenses."

■ The opinion then states that because the third paragraph of the section which was added in 1959 provides expressly that the employee is entitled to expenses of trans-

portation, etc., when submitting to examination by a physician at the request of the employer, carrier or board, and does not expressly provide for similar expenses when visiting his own physician for an examination so that the latter could make a report, it must be presumed that the Legislature intended that in the latter situation he not be entitled to his expenses.

In *Montoya, supra,* the appeals board held that the employee's transportation costs to obtain an examination by his own physician were reimbursable, ''Section 4600 being liberally construed in accordance with the proviso of Labor Code Section 3202.''

Prior to 1959 there was no express provision in section 4600 or its predecessor sections that a workman could obtain travel expenses even when submitting at the employer's, the carrier's or the board's request to examination or treatment by the physician designated by them. Yet in the spirit of section 3202 the commission read into the sections the right of the workman to such expenses. As said in the dissenting opinion herein, ''such expenses have been held to be a part of treatment where reasonably necessary, in virtually thousands of cases before the Industrial Accident Commission and Workmen's Compensation Appeals Board. (cf. 2 Hanna: *Law of Employee Injuries* Sec. 1602(1); *McCullough* v. *I.A.C.* 31 C.C.C. 158; *Soren* v. *Assoc. Ind. Co.* 16 I.A.C. 15; *Bendock* v. *Globe Indem. Co.,* 10 I.A.C. 32).'' The appeals board seems to concede, as hereinbefore set forth, that likewise the section could have been interpreted to allow the workman travel expenses for visiting his own physician for examination and report purposes. We see no reason why the principle of section 3202 requiring liberal construction of the Workmen's Compensation Act should not require the continuance of such a construction of 4600 as presently constituted.

The appeals board says, in effect, that a liberal interpretation would have been proper prior to 1959 but a strict interpretation must be made thereafter solely because the Legislature by its amendment of that year placed in the statute the rule which the commission had determined was already inherent in the statute and did not expressly provide for the workman to receive travel expenses necessary for him to obtain a report or testimony of his own physician. To so determine is a violation of the spirit of section 3202, which provides: ''The provisions of Division IV [Workmen's Compensation and Insurance] . . . of this code shall be liberally

construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."

The second paragraph of section 4600 provides in part "for expenses reasonably, actually, and necessarily incurred for . . . medical reports, and medical testimony to prove a contested claim" by the employee; as in the first paragraph where treatment is involved, there is no express provision for transportation expenses and yet they are allowed for treatment. There is no express provision in the second paragraph for travel expenses, reasonably, actually and necessarily incurred in obtaining medical reports and medical testimony (it cannot be questioned that in order to obtain these the employee must submit to an examination by a physician) ; it seems only reasonable that transportation costs in obtaining the reports and testimony is included in the word "expenses."

The second paragraph of section 4600 provides that "the reasonableness. of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred."

Applying the logic of the appeals board to the lack of a provision in the first paragraph allowing the workmen transportation expenses to obtain treatment (the only express provision in the whole section allowing transportation costs is in the third paragraph and then only for submitting to employer or board-directed *examination,* not *treatment*), would attribute to the Legislature the illogical design of authorizing transportation expenses for *examination,* but not for treatment.

The appeals board cites the well-known rule of stautory construction, "When the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97].)

This rule is not applicable in the case at bench, first, because the meaning of the words in section 4600, "expenses reasonably . . . incurred for . . . medical reports, and medical testimony to prove a contested claim," is not clear, and secondly, because interpreting them to include expenses for transportation to the doctor's office for an examination necessary to obtain such reports or testimony, when sections 4600 and 3202 are read together, accomplishes a purpose intended

by the Legislature, the obtaining of compensation by an injured workman without expenses to him.

There may be instances in proceedings by an injured workman to obtain compensation where medical reports are not produced by the employer or the carrier (apparently such situation would be extremely rare). In that event, of course, the workmen would be forced to obtain such reports. Moreover, as conceded by respondents, there will be instances when the applicant is not satisfied with the medical report filed by the carrier and the second paragraph of section 4600 permits him to go out and get a medical examination of his own, and provides that in such event the applicant "shall be reimbursed for expenses reasonably, actually, and necessarily incurred," for "medical reports, and medical testimony to prove a contested claim." Obviously, the expense of the applicant in submitting to examination by a doctor, without which the latter could not report or testify, is an expense actually and necessarily incurred. The section provides that the "reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined. . . ." In the instant case the referee found the travel expenses and one day's loss of wages to be necessary and reasonable.

The logic and reasoning which, in view of the requirement of section 3202 that the provisions of the Workmen's Compensation Act be liberally construed in favor of the claimant, we have applied to the interpretation of the second paragraph of section 4600 as reasonably including travel expenses, apply equally to the one-day loss of wages. The 1959 Legislature specifically disclaimed any intent to narrow the scope of the preceding provisions when it said that the benefits provided in the third paragraph were "in addition to all other benefits herein provided." Under the circumstances, it is inverted reasoning to use the third paragraph of section 4600 as a weapon with which to curtail the benefits provided by the preceding paragraphs.

To hold that section 4600 does not permit reimbursement to the applicant of reasonable and necessary travel expenses and one day's loss of wages is to hamstring the injured workman in the obtaining of a fair hearing of his claim.

The order granting reconsideration and decision after reconsideration is annulled.

Pierce, P. J., and Friedman, J., concurred.