[Civ. No. 12190. Third Dist. July 9, 1971.]

SACRAMENTO TYPOGRAPHICAL UNION NO. 46 et al.,
Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, and William M. Goode, Deputy Attorney General, for Defendant and Appellant.

Edwin L. Z'Berg for Plaintiffs and Respondents.

William W. Morse as Amicus Curiae on behalf of Plaintiffs and Respondents.

## OPINION

**JANES, J.**—Defendant State of California appeals from the judgment in a class action filed by plaintiff union and its officers on behalf of members of the union who are hourly wage employees of the state at its printing plant in Sacramento.

The action was for declaratory relief. The judgment held, inter alia, that the printing plant employees were entitled to the same paid holidays

as are generally allowed to state employees under section 18025 of the Government Code.[1] Defendant attacks this aspect of the judgment.

Upon its enactment in 1945, former section 13581 provided that "At no time shall the compositors, bookbinders, pressmen or assistants [employed at the state printing plant] be paid a lower rate of wages than the average wage paid by those employing such mechanics in Sacramento, San Francisco, Oakland and Los Angeles for like work." In 1957 section 13581 was substantially amended to read as follows: "Pressmen, typographers, linotypers, compositors, bookbinders, lithographers, engravers, apprentices and assistants and all other employees of the State Printing Plant employed in allied work shall be paid on an hourly wage basis. The basic wage of such employees shall be the same hourly wage paid to persons in similar and comparable employment by private business in the City of Sacramento. In addition to such wages, and the rights and privileges afforded state employees under the provisions of the State Civil Service Act, and other statutes, there shall be paid to each such employee of the State Printing Plant, either directly or to a health and welfare fund on his behalf, an amount equal to the contributions paid to health and welfare plans to employees in comparable employment by private business in the City of Sacramento." In 1965 section 13581 was replaced by section 14876, which is identical except that it substitutes the words "Office of State Printing" for the designation "State Printing Plant" in former section 13581.

The State Personnel Board was required by law to administer section 13581, and it has the same duty as to section 14876. (See Cal. Const., art. XXIV, § 4; Gov. Code, § 18850.) Ever since 1945, employees to whom sections 13581 and 14876 applied have been allowed by the board only the same paid holidays as are granted by private industry to workers in comparable employment in the City of Sacramento. The holidays thus afforded comprise fewer paid holidays than other state employees receive under section 18025. ██ In support of its claim that the trial court erred, defendant places sole reliance on this long-standing practice of the State Personnel Board; and defendant invokes the rule that "The contemporaneous construction of a statute by those charged with its enforcement and interpretation, although not necessarily controlling, 'is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous and unauthorized.' [Citations.]" (*Meyer* v. *Board of Trustees* (1961) 195 Cal.App.2d 420, 431 [15 Cal.Rptr. 717].)

Defendant's contention fails. The board's practice from 1945 to 1957

---

[1]Unless otherwise specified, all section references herein are to the Government Code.

is not determinative of the issue, inasmuch as section 13581 was substantially amended in 1957 in the respects above quoted. ■ "The reenactment of a statute which has been construed by the executive department is not an adoption of such construction . . . where the reenactment substantially changes the phraseology." (82 C.J.S., Statutes, § 370, p. 857.) ■ "It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute." (*Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 634 [55 Cal.Rptr. 861].)

The 1957 amendment of section 13581 specified for the first time that, in addition to wages and health and welfare benefits, hourly wage employees at the printing print were to receive "the rights and privileges afforded state employees under the provisions of the State Civil Service Act, *and other statutes.* . . ." (Italics added.) The amendment was unambiguous in this respect (although not, perhaps, in others). Its reference to "other statutes" necessarily included the holiday schedule of section 18025. Consequently, it is of no moment that, subsequent to the amendment of section 13581, the State Personnel Board persisted in its pre-1957 construction of that statute. ■ "Practical construction of a statute can only be resorted to in order to clear up uncertainties and ambiguities. [Citations.] The construction of a statute by an administrative board cannot change its clear language or alter its plain meaning. [Citations.]" (*Montgomery* v. *Board of Admin., etc.* (1939) 34 Cal.App.2d 514, 521-522 [93 P.2d 1046, 94 P.2d 610]; see also, *Cal. Drive-In Restaurant Assn.* v. *Clark* (1943) 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028]; *Consolidated Rock etc. Co.* v. *State of Cal.* (1943) 57 Cal.App.2d 959, 965 [135 P.2d 699].)

The enactment of section 14876 in 1965 was not a legislative adoption of the board's erroneous construction. For all practical purposes, as heretofore mentioned, section 14876 was a reenactment of section 13581, which was repealed that year. ■ "[A]n erroneous administrative construction does not become decisive no matter how long continued. [Citations.] This is so even though the statute is subsequently reenacted without change. [Citation.]" (*Trabue Pittman Corp.* v. *County of L. A.* (1946) 29 Cal.2d 385, 399 [175 P.2d 512]; see also, *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749, 760 [22 Cal.Rptr. 14, 371 P.2d 758].)

■ The judgment, therefore, correctly requires that the hourly wage employees of the Office of State Printing receive the same paid holidays as

other state employees. ■ In paragraph 3 of the judgment, however, the court erred when it held that, in fixing the hourly wages of printing plant employees, the State Personnel Board could apply a downward adjustment to the hourly wages it found were paid to persons in comparable private employment in Sacramento—the judgment specifying that such adjustment was to compensate for the fact that comparable workers in private industry receive fewer paid holidays than state employees. The relevant language of section 14876 is clear, and it is mandatory. It provides that "The basic wage of such [printing plant] employees *shall* be the *same* hourly wage paid to persons in similar and comparable [local private] employment . . . ," and that the other benefits specified shall be "[i]n *addition* to such wages. . . ." (Italics added.) ■ "When the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal. Rptr. 369, 411 P.2d 97].)

The judgment is modified by striking paragraph 3 therefrom. As thus modified, the judgment is affirmed. Plaintiffs will recover their costs herein.

Pierce, P. J., and Friedman, J., concurred.