[Civ. No. 31726. First Dist., Div. Four. Aug. 6, 1973.]

ALAMEDA COUNTY ASSISTANT PUBLIC DEFENDERS ASSOCIATION, Plaintiff and Appellant, v. COUNTY OF ALAMEDA et al., Defendants and Respondents; ALAMEDA COUNTY EMPLOYEES ASSOCIATION, Intervener and Respondent.

## COUNSEL

Dean A. Beaupre for Plaintiff and Appellant.

Richard J. Moore, County Counsel, and Douglas Hickling, Deputy County Counsel, for Defendants and Respondents.

Brundage, Neyhart, Grodin & Beeson and Ronald Yank for Intervener and Respondent.

## OPINION

**BRAY, J.**\*—Plaintiff-appellant Alameda County Assistant Public Defenders Association appeals from judgment of the Alameda County Superior Court in favor of defendants-respondents.[1]

### Question Presented

Does the establishment of Unit XI illegally deny the Assistant Public Defenders of the right to representation by a professional organization of their own choice?

### Record

Pursuant to the provisions of Government Code section 3500 et seq.,[2] the Alameda County Board of Supervisors on October 13, 1970, enacted the Alameda County Employee Relations Ordinance (Ord. No. 70-68) which provided rules and regulations for the organization and operation of organizations for the administration of county employer-employee relations. On February 23, 1971, appellant Public Defenders Association petitioned the county to recognize the association as the representative of attorneys employed in the public defender's office for the purpose of presenting grievances and recommendations regarding wages, salaries, hours and working conditions.

On March 9, 1971, respondent county through respondent board of supervisors established Representation Unit XI, consisting of all non-health-related professional employees working for respondent county for the purposes of meeting and conferring with regard to wages, salaries, hours and working conditions. Unit XI includes approximately 360 county professional employees in various occupations, to wit, librarians, planners, agricultural inspectors, auditors, buyers, systems and procedures analysts, appraisers and engineers, as well as attorneys in the public defender's office.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Western Council of Engineers comprised in part of engineers employed by Alameda County originally was joined with appellant in the petition and complaint in this action. It joined in the appeal from the judgment herein. However, at its request, and for failure to pay the statutory filing fee, its appeal was heretofore dismissed.

[2]Government Code sections 3500-3511 were originally known as the Brown Act (Stats. 1961, ch. 1964). The Brown Act was later amended and it became known as the Meyers-Milias-Brown Act (Gov. Code, § 3510). For brevity it will be referred to herein as the "Brown Act."

Appellant alleges that because Representation Unit XI consists of employees of such diverse and varied job functions and classifications, the attorneys of the public defender's office will be denied their right under Government Code section 3507.3 to be represented by an employee organization of their own choice consisting of professional employees.

Shortly after the establishment of Unit XI, the Alameda County Public Defenders Association and the Western Council of Engineers, together with the American Federation of State, County and Municipal Employees and United Public Employees Union, Local 390, formed a coalition employee organization known as the Coalition of Professional Employees. This coalition, about April 15, filed with the board of supervisors a petition for its certification as the recognized employee organization for the non-health-related professional employees.[3] A secret ballot election was then conducted involving a majority of all county employees voting for 14 different representation units, including the unit consisting of non-health-related professional employees. The results of the election were announced on May 7, 1971, with 162 votes cast for the Alameda County Employees Association and 131 votes cast for the Coalition of Professional Employees. Apparently none of the public defenders voted at the election. Appellant's brief states that 92 percent of the attorneys in the public defender's office have indicated that they want appellant Public Defenders Association to represent them.

In this proceeding respondent Alameda County Employees Association filed a complaint in intervention by way of answer. After an evidentiary hearing, the court filed findings of fact and conclusions of law in which the court declared, inter alia, that under the provisions of Government Code section 3507.3 attorneys in the public defender's office have a right to be represented separately from nonprofessional employees, but they do not have a right to be represented separately from other professional employees, that Unit XI has been established in accordance with law, particularly Government Code section 3507.3, and that the Public Defenders Association is not entitled to a separate unit from Unit XI. Judgment was entered accordingly.

*The effect of section 3500 et seq.,*
*Government Code (the Brown Act).*

Appellant contends that, by reason of the provision in Government

---

[3]The Alameda County Employees Association had previously filed such a petition with the board of supervisors.

Code section 3500[4] that the purpose of the Brown Act is, inter alia, to provide "a uniform basis for recognizing the right of public employees to join organizations of their own choice," assistant public defenders are entitled to have a bargaining organization limited to them.

While under section 3507 of the Government Code, Unit XI might be an "appropriate" employee bargaining association for professional employees of the county who do not have an organization of their own, the real question is whether, in view of the fact that the assistant public defenders had an organization of their own and chose to have it as their sole bargaining body, the county could deny organization representation and force the public defenders into Unit XI. Another way of stating the issue is whether requiring all professional employees, regardless of their type, to be in one organization for the administration of employer-employee relations is reasonable and appropriate, in view of section 3507, providing that the county may adopt "reasonable rules and regulations" and may create "appropriate" units for this purpose.

The language of "an appropriate unit" in Government Code section 3507 parallels the language of the National Labor Relations Act, section 9(a), allowing the National Labor Relations Board to certify labor organizations selected by the majority of employees in a "unit appropriate for such purposes, . . ." (29 U.S.C.A. § 159.) The parties to this appeal have indicated by citation of cases decided under the National Labor Relations Act that the construction placed upon that act is helpful in construing similar language in the Brown Act.

In *International Assn. of Fire Fighters* v. *County of Merced* (1962) 204 Cal.App.2d 387, 392 [22 Cal.Rptr. 270], the court stated that the construction placed by the United States Supreme Court on the provisions of the federal Labor Management Relations Act was helpful in determining the connotation of similar language in Labor Code section 1962. In *Board* v. *Hearst Publications* (1944) 322 U.S. 111, 134 [88 L.Ed. 1170, 1186,

---

[4]Section 3500 provides in pertinent part: "It is also the purpose of this chapter to promote the improvement of personnel management and employer-employee relations within the various public agencies in the State of California by providing a uniform basis for recognizing the right of public employees to join organizations of their own choice and be represented by such organizations in their employment relationships with public agencies."

Section 3507 provides for the adoption by a public agency of reasonable rules and regulations for the administration of employer-employee relations and for the verifying of and the exclusive recognition of employee organizations.

64 S.Ct. 851], the United States Supreme Court said: "Wide variations in the forms of employee self-organization and the complexities of modern industrial organization make difficult the use of inflexible rules as the test of an appropriate unit. Congress was informed of the need for flexibility in shaping the unit to the particular case and accordingly gave the Board wide discretion in the matter."

The discretion given the county under section 3507 appears to be as broad as that given to the Labor Relations Board under the National Labor Relations Act. The standard by which the county is to be governed in determining the appropriate bargaining unit is whether or not such determination is "reasonable." (Gov. Code, § 3507; Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 741.)

Moreover, as stated by Professor Grodin, *supra,* at page 741, "The 1971 'exclusive recognition' amendment to section 3507 uses the term 'appropriate unit,' arguably inviting reference to standards of appropriateness established elsewhere in the private and public sectors. It also refers, however, to a vote of employees 'of the agency or an appropriate unit thereof,' suggesting that exclusive recognition may be accorded on an agency wide basis without regard to whether lesser units would be appropriate." Such reasoning parallels the reasoning and case law decided under the National Labor Relations Act. Numerous cases have pointed out that the board need not determine the *ultimate* unit or the *most* appropriate unit. The act requires only that the unit be "appropriate." (*Morand Bros. Beverage Co.* (1950) 91 N.L.R.B. 58 [26 L.R.R.M. 1501], enforced (7th Cir. 1951) 190 F.2d 576; accord *Federal Electric Corp.* (1966) 157 N.L.R.B. 89 [61 L.R.R.M. 1500]; *F. W. Woolworth Co.* (1963) 144 N.L.R.B. 35 [54 L.R.R.M. 1043].)

Government Code section 3507, subdivision (d), provides that the rules of a public agency may provide for "exclusive recognition of employee organizations formally recognized pursuant to a vote of the employees of the agency or *an appropriate unit thereof,* . . ." (Italics added.) Alameda County apparently attempted to set standards for determining an appropriate unit when it enacted Ordinance No. 70-68, section 7-8.05, which provides in part: "The Director shall be guided by the policy of the Board that any single representation unit shall encompass as many position classifications as possible consistent with the full use by employees of the privileges of organization and representation established by this ordinance. Within the limits of this policy, criteria used in recommending repre-

sentation units may include, but shall not be limited to, *such factors as community of interest among employees,* history of representation and the general field of work." (Italics added.)

The question to be decided then becomes whether requiring all professional employees, regardless of type, to be in one organization for the administration of employer-employee relations is reasonable and appropriate. Section 3507 further provides: "No public agency shall unreasonably withhold recognition of employee organizations."

There are rulings of the National Labor Relations Board which seem to give comfort to both appellant and respondents. However, the ruling of that board which most nearly approaches the situation in the instant case is that of *Douglas Aircraft Co.* (1966) 157 N.L.R.B. 68 [61 L.R.R.M. 1434], in which the board held that a group of professional engineers were entitled to be represented separately from other professionals. The board stated: "On the basis of the entire record, we are persuaded that the professional employees in the petitioned for unit possess a unique community of interest based upon the distinct nature of their function, their separate supervision and work place, the lack of substantial interchange with other professional employees, and the fact that they are separately hired by the departmental supervisor. In our opinion, these factors negate the Employer's contention that the petitioned for employees consist of an arbitrary, piecemeal segment of the professional employees in the plant. Consequently, the petitioned for unit, in our opinion, is an identifiable group with a separate community of interest, and there is a reasonable basis for separating the unit from the rest of the professional employees at the Employer's Long Beach Facility."

Certainly attorneys have a distinct function from librarians, planners, etc. Public defenders have separate supervision, place of work and hiring procedures. There is very little if any interchange between public defenders and the other professions grouped together in Unit XI.

"Unit determinations are as critical to the bargaining process as districting is to the political process. Such determinations affect not only the number but also the character of the organizations which represent an agency's employees. The definition of units may determine, for example, such matters as whether traditional civil service employees associations gain or lose strength in comparison to unions, whether craft unions gain or lose strength in comparison to unions seeking to represent employees on departmental or cross-departmental bases, and the like. The procedure

by which such decisions are made, and the criteria brought to bear upon the decisions, are among the most significant factors in any industrial relations system." (Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts, supra,* 23 Hastings L.J. 719, 738.)

It does seem incongruous that assistant public defenders should be grouped in a bargaining unit with auditors, planners, rodent and weed inspectors. The attorneys in the public defender's office are *sui generis,* having little community of interest with the other professional groups which Unit XI tries to place in one organization. This conclusion does not place a greater burden on the County of Alameda, given Government Code section 3502, which provides in relevant part: "Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency."

Section 3507.3 provides, in part: "Professional employees shall not be denied the right to be represented separately from nonprofessional employees by a professional employee organization consisting of such professional employees." Its express terms do not grant appellant the right to be represented apart from other professional groups. Section 3507, subdivision (d), does, in that, as hereinbefore stated, it provides for recognition of "an appropriate unit" of the agency.

Denying recognition to appellant violates section 3507 of the Government Code in that thereby professional employees with common interests and having an organization of their own choice, are unreasonably forced into an organization with other employees with whom there exists little, if any, community of interest.

The judgment denying appellant's petition is reversed and the superior court is directed to issue a writ of mandamus as prayed for by appellant.

Devine, P. J., and Rattigan, J., concurred.

The petition of the intervener and respondent for a hearing by the Supreme Court was denied October 3, 1973.