[Civ. No. 34756. First Dist., Div. Three. Sept. 11, 1975.]

SANTA CLARA COUNTY DISTRICT ATTORNEY INVESTIGA-TORS ASSOCIATION
et al., Plaintiffs and Appellants, v.
COUNTY OF SANTA CLARA et al., Defendants and Appellants.

256

**COUNSEL**

William M. Siegel, County Counsel, and Leland D. Stephenson, Deputy County Counsel, for Defendants and Appellants.

Carroll, Burdick & McDonough and Christopher D. Burdick for Plaintiffs and Appellants.

**OPINION**

**SCOTT, J.**—The County of Santa Clara, its board of supervisors, personnel board, and director of personnel (hereinafter collectively referred to as County) appeal from that portion of a judgment, entered after trial by court, prohibiting County from including the job classification of district attorney investigator in any representation unit with nonpeace officers. The Santa Clara County District Attorney Investigators Association, J. Nishikawa, Tony Cvetan, and B. P. Blackmore (hereinafter collectively referred to as Association) appeal from that portion of the judgment denying their request that County be required to designate the Santa Clara County District Attorney Investigators Association as a separate recognized employee organization representing the district attorney investigators.

County had created an all county representation unit pursuant to its Ordinance No. NS-300.130 (adopted to implement the Meyers-Milias-Brown Act [Gov. Code, §§ 3500-3510]),[1] which included the job classification of district attorney investigator. The "All County Unit" was represented by the Santa Clara County Employees Association and its successor, Service Employees International Union, AFL-CIO, Local 715. The All County Unit represented, in great majority, employees who were not peace officers.

The respondent Association's membership comprises all of the full-time investigators employed by the County and the Santa Clara District Attorney as district attorney investigators. Its membership consists solely of peace officers[2] and the Association concerns itself exclusively with the wages, hours, working conditions, welfare programs, and advancement of the academic and vocational training of its members in the further-ance of the police profession. The Association is not subordinate to any other organization. The Association was created for the purpose of representing its members in their employer-employee relations with the County.

The Association had petitioned County, pursuant to Ordinance No. NS-300.130, for recognition of Association as the representation unit for the district attorney investigators in its employer-employee relations with County. The petition was denied.

Association sought writs of mandamus and/or prohibition to compel County to create a district attorney investigators representation unit, thus removing the investigators from the previously existing "All County Unit."

At the time set for hearing of County's demurrer, the parties represented to the court that the facts in the case were not in dispute and invited the court to rule on the substantive issues presented by the pleadings and, in particular, to interpret Government Code, section 3508 as it applied to the undisputed facts. The court filed its memorandum of intended decision. Findings of fact and conclusions of law and judgment were entered. On motion for new trial, County asserted that it wanted a full trial, including the right to present evidence in interpretation of

---

[1] Unless otherwise indicated all statutory references are to the Government Code.

[2] District attorney investigators are peace officers (Pen. Code, § 830.3, subd. (b)) as that term is used in section 3508.

section 3508. The court found that section 3508 was clear and unambiguous, and made the aforementioned rulings.

I. County contends that the trial court erred in not admitting extrinsic evidence to aid in the interpretation of section 3508. However, County has nowhere shown that it made clear to the trial court what evidence it sought to have admitted. (Evid. Code, § 354.) Nor has County shown this court what evidence it sought to put before the trial court to bear on the interpretation of the statute, nor how the exclusion of such evidence was error, nor how the error was prejudicial. There is no basis upon which this court can conclude that any error occurred, nor that but for the alleged error a result more favorable to County would be reasonably probable. (*People* v. *Strickland* (1974) 11 Cal.3d 946, 955 [114 Cal.Rptr. 632, 523 P.2d 672]; *People* v. *Watson* (1956) 46 Cal.2d 818, 835, 837 [299 P.2d 243].)

Section 3508 deals with the formation of employee organizations by employees who "have duties consisting primarily of the enforcement of state laws or local ordinances." It grants to full-time "peace officers" as defined in Penal Code, section 830 et seq. the right to form, join, or participate in employee organizations composed solely of such peace officers, and are concerned solely with the wages, hours, working conditions, welfare programs and advancement of academic and vocational training in furtherance of the police profession, and which are not subordinate to any other organization.

It is clear from section 3508 that peace officers have the right to a separate public employees organization, as we shall hereafter discuss. The only question is whether there is a concurrent right to a separate all peace officer representation unit. We have concluded that section 3508, read together with other sections of the Meyers-Milias-Brown Act (MMB Act), makes it equally clear that peace officers are entitled to such separate representation unit. When the words of a statute are clear, a court may not add to or alter them to accomplish a purpose that does not appear on the face of a statute or in its legislative history. (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97]; *People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1]; *Organization of Deputy Sheriffs* v. *County of San Mateo* (1975) 48 Cal.App.3d 331, 340 [122 Cal.Rptr. 210]; *County of Madera* v. *Carleson* (1973) 32 Cal.App.3d 764, 769 [108 Cal.Rptr. 515].)

The court did not err in not admitting extrinsic evidence to interpret section 3508.

II. County contends that the trial court erred in ruling that section 3508 grants to peace officer employees a right to be placed in an employee representation unit exclusive of and separate from nonpeace officers.

The MMB Act provides only that "professional employees" shall not be denied the right to be represented separately from nonprofessional employees. (§ 3507.3.) Other than this specific grant of separate representation, and by implication separate unit determination to professional employees, the act only requires that a bargaining unit be "appropriate." (§§ 3507, subd. (d), 3507.1.)[3] As stated in *Alameda County Assistant Public Defenders Assn.* v. *County of Alameda* (1973) 33 Cal.App.3d 825, 830 [109 Cal.Rptr. 392]: "Numerous cases have pointed out that the board need not determine the *ultimate* unit or the *most* appropriate unit. The act requires only that the unit be 'appropriate.' [Citations.]" Both *Professional Fire Fighters, infra,* and *Alameda* make clear that section 3507, subdivision (d) grants the right of representation to an "all agency" association or "appropriate unit" thereof.

Even within such a specific grant of separate unit representation, further questions may be addressed to determine if those placed in a unit which on its face may be "appropriate" is, in fact, "appropriate": whether there is a sufficient "community of interest" among those placed within the unit, the employer's authority to bargain effectively at the level of the unit, and the effect of a unit on the efficient operation of the public service. (*Alameda County Assistant Public Defenders Assn.* v. *County of Alameda, supra,* at pp. 829-832.) As the court stated in *Organization of Deputy Sheriffs* v. *County of San Mateo, supra,* 48 Cal.App.3d at page 339, footnote 6 [122 Cal.Rptr. 210]: "In the absence of any standards other than reasonableness to determine what are 'appropriate units' recourse must be had to federal standards where the

---

[3]However, Professor Grodin in his article, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 738-739, states: "Concerning the criteria for unit determination, the MMB Act, characteristically, sheds little light. The only explicit criteria are contained in section 3508, which authorizes rules requiring not only separate units but separate organizations for peace officers, and section 3507.3, which provides that professional employees may not be denied the right to be represented separately from nonprofessional employees and by a professional employee organization."

following factors have been considered by NLRB: Community of Interests; History of Bargaining; Desires of Employees; Nature and Organization of Business; Public Interest, etc. (18 C Business Organizations, Kheel, Labor Law § 14.02.1.) Schneider's study, *supra*, 3 CPER, page 4, names three criteria commonly in use in the public sector, viz.: Community of Interest; Employer's authority to bargain effectively at the level of the unit; and, the effect of a unit on the efficient operation of the public service."

Association contends, and County disputes, that section 3508 is such a specific grant of a separate bargaining unit to full-time peace officers. The section, originally enacted in 1961, was amended in 1965 to add the underlined portion, and was further amended (immaterial to this case) in 1968 and 1971 to presently provide as follows: "The governing body of a public agency may, in accordance with reasonable standards, designate positions or classes of positions which have duties consisting primarily of the enforcement of state laws or local ordinances, and may by resolution or ordinance adopted after a public hearing, limit or prohibit the right of employees in such positions or classes of positions to form, join or participate in employee organizations where it is in the public interest to do so; however, the governing body may not prohibit the right of its employees who are full-time 'peace officers' as that term is defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, to join or participate in employee organizations which are composed solely of such peace officers, which concern themselves solely and exclusively with the wages, hours, working conditions, welfare programs, and advancement of the academic and vocational training in furtherance of the police profession, and which are not subordinate to any other organization.

"The right of employees to form, join and participate in the activities of employee organizations shall not be restricted by a public agency on any grounds other than those set forth in this section."

In 1963, in *Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276, 289 [32 Cal.Rptr. 830, 384 P.2d 158], the court stated: "In enacting the instant Labor Code sections the Legislature undoubtedly had in mind many logical distinctions between firefighters and other public employees. By Government Code sections 3500-3509, inclusive, it granted to all public employees the right to join labor unions, but therein provided that the employing agencies might except police from the

operation of the statute. *No one can doubt that the denial of the overall benefits to the police was a reasonable denial of benefits and privileges to a class of persons charged with duties which might be inimicable to union membership.* " (Italics added.)

Thus, until the 1965 amendment of section 3508, the governing body could absolutely prohibit peace officers from forming, joining, or participating in employee organizations where it was in the public interest to do so. The 1965 amendment clearly acknowledged the reservation expressed in *Professional Fire Fighters,* that is, that police are "charged with duties which might be inimicable to union membership" by retaining the governing body's right to limit or prohibit full-time peace officers from participating in an employee association "subordinate to any other organization." However, the 1965 amendment qualified the governing body's right to so limit or prohibit such participation by granting full-time "peace officers" the right to participate in a solely peace officer organization not subordinate to any other organization. Section 3508 provides that a governing body may prohibit peace officers from joining or participating in a nonpeace officer organization where such is in the public interest; however, the governing body has no right to prohibit peace officers from joining or participating in a peace officer organization which is not subject to any other organization.

The purpose of MMB, in part, is "to promote full communication between public employers and their employees by providing a reasonable method of resolving disputes *regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations.*" (§ 3500; italics added.) The express language of the 1965 amendment to section 3508 is to grant to peace officers as a separate group the right to organize to concern themselves "solely and exclusively with the wages, hours, working conditions, welfare programs, and advancement of the academic and vocational training in furtherance of the police profession"; thus, to pursue the purposes of the MMB Act.

Obviously, if peace officers were placed in a representation unit with nonpeace officers, the unit would not be concerned solely with the police profession. Peace officers ought not to be put in the position of possibly becoming parties to a public employee labor dispute by being in an organization with nonpeace officers. This would clearly be contrary to the public interest. The right to a separate all peace officer organization would have little meaning if peace officers were placed in a bargaining

unit which had as its "recognized employee organization" (§ 3501, subd. (b)) an organization either predominantly composed of nonpeace officers or not exclusively concerned with peace officer interests.

■ We hold that section 3508 grants to peace officers (as defined by Pen. Code, § 830.3, subd. (b)) the right to be placed in an employee representation unit exclusive of and separate from nonpeace officer employees.[4]

III. ■ Association contends that the court erred in failing to require that County grant Association the status of a recognized employee organization for representation purposes.

■ County contends that Association failed to file a timely notice of cross-appeal and therefore their cross-appeal should be dismissed. Association's notice of cross-appeal was filed six days beyond the time required by California Rules of Court, rule 3.

Although we are required to dismiss Association's cross-appeal, Association is not foreclosed from reapplying to the County Personnel Board, in accordance with County Ordinance No. NS-300.130, to obtain "recognized employee organization" status. The original denial of that status was predicated in part upon what we have held to be the erroneous assumption that the "All County Unit" was an appropriate representation unit for district attorney investigators—thus putting them in a unit composed largely of nonpeace officers and nonprofessional employees.

County must make a determination as to whether district attorney investigators are entitled to a representation unit separate from an all peace officer unit. This inquiry must determine whether within such a specific grant of separate unit representation there is a sufficient "community of interest" among those placed within what on its face is

---

[1]There is, arguably, additional authority within MMB which entitles peace officers to a separate representation unit. Section 3507.3 provides in part: "Professional employees shall not be denied the right to be represented separately from nonprofessional employees by a professional employee organization consisting of such professional employees." Section 3508 refers to the "police profession." Where the same word (or root variations thereof) is used in the same statute, it will not be used in two different senses. This could lead us to the conclusion that special investigators of the district attorney's office are full-time peace officers and members of the "police profession" and, as such, are professional employees within the meaning of section 3507.3. It would follow that the inclusion of these employees in a bargaining unit composed largely of nonprofessional employees is inappropriate and also precluded by section 3507.3.

an "appropriate" unit, i.e., an all peace officer representation unit, whether the employer is able to bargain effectively at that level of the unit, and the effect of the unit on the efficient operation of the public service.

County's Ordinance No. NS-300.130, adopted to implement the MMB Act, provides in article 4, section 3.9.4-6 that in resolving disputes as to what is an appropriate representation unit or units, "the County Personnel Board shall in each case determine the broadest feasible bargaining unit based upon such factors as internal and occupational community of interest and the history of representation."

Without intimating that there may be no other factors that may be considered where they exist (see *Organization of Deputy Sheriffs* v. *County of San Mateo, supra,* 48 Cal.App.3d at p. 339, fn. 6), the two factors enumerated in the ordinance are not "unreasonable" when used by County to determine whether the peace officer unit is "appropriate."

Although a given peace officer organization *may* be entitled to recognition as a separate representation unit, the mere fact that a group of public employees form an organization does not necessarily entitle them to either a separate representation unit or "recognized employee organization" status.

A clear distinction must be drawn between public employees' rights to organize and their right to separate bargaining units. As this court stated in *Organization of Deputy Sheriffs* (at p. 339): "We have noted that MMB differentiates between the designation of appropriate bargaining units and the formation of employee organizations." (§ 3501, subds. (a), (b).) A "recognized employee organization" is one which has been "formally acknowledged by the public agency as an employee organiza- tion" (§ 3501, subd. (b)) as being entitled to "meet and confer" with the governing body on labor/management problems (§ 3505). Representa- tion units may comprise several recognized employee organizations so long as the unit is appropriate. Further, *Organization of Deputy Sheriffs* points out that "[t]he plural use of 'employee organizations' appears to recognize the possibility of the existence of more than one peace officer employee's organization within the agency." (48 Cal.App.3d at pp. 341-342.)

Association relies on *Alameda County Assistant Public Defenders Assn. v. County of Alameda* (1973) 33 Cal.App.3d 825 [109 Cal.Rptr. 392], in support of its argument that district attorney investigators have a right to a separate peace officer representation unit. *Alameda* details the agency's obligation as to which and how many different employee organizations the agency must recognize for "meet and confer" purposes. In *Alameda* the court was interpreting section 3507.3 and, applying a standard of reasonableness, concluded that professional employees with common interests cannot be forced into association with other professional employees with whom there existed little, if any, community of interest to pursue their rights under the Meyers-Milias-Brown Act. To do so would unreasonably deprive the public defense lawyers, the subject of the *Alameda* case, of the right given by section 3507, subdivision (d) to recognition as an "appropriate unit" by the agency. The *Alameda* decision does not mandate separate recognition of Association. The governing body is required to consider whether the Association members' community of interest with other peace officers is such that it is entitled to recognition as a separate unit, or whether it is required that Association's members be represented in a unit with other peace officers.

The County may not unreasonably withhold recognition of such employee organization. (§ 3507.) ▮▮▮ But Association has not put before this court, or the trial court, facts showing any lack of community of interest with the other peace officers in the County, nor any facts indicating that the all peace officer unit is unable to effectively represent their interests and effectively bargain for them in labor negotiations.[5] If such facts exist, Association should present the question to the governing body in an appropriate application for designation as a recognized employee organization and for representation separate from the all peace officer unit. The resolution of the question must be reasonable and in conformity with all pertinent sections of Meyers-Milias-Brown.

We recognize that the MMB Act is not a model of clarity. It affords little but the vague criterion of "reasonableness" as a guide for the future

---

[5]We may note that the Deputy Sheriffs Association is the recognized employee organization which represents employees who are full-time peace officers. At present, it appears that the Deputy Sheriffs Association is excluding respondents from membership. Under section 3503, admission to or dismissal from membership in the organization is to be "reasonable." If such exclusion of respondents cannot be resolved and is held to be reasonable, this may be a factor bearing on the recognition of respondent Association. If so recognized, the question of appropriateness of Association being designated as a single representation unit will be for the governing body.

courses of the interested parties. (*Organization of Deputy Sheriffs* v. *County of San Mateo, supra,* 48 Cal.App.3d at p. 336.) This results in confused and conflicting claims between those whom the act is designed to guide, with consequent frequent resort to litigation. In turn, litigation leads to judicial interpretation in matters that would preferably be resolved by clarifying legislation.[6]

IV. Lastly, County contends that the trial court erred in ordering that this appeal shall not operate as a stay of execution of judgment. It contends that Code of Civil Procedure section 1110b requires a showing by the Association that it will suffer irreparable damage before a court may order that an appeal in a mandamus action will not operate as a stay. County contends that there was no evidentiary showing that Association would suffer such injury; that any injury was speculative.

■ Where the judgment directing issuance of a writ of mandamus has been affirmed, such contention is moot. (*Fuller* v. *San Bernardino Valley Mun. Wat. Dist.* (1966) 242 Cal.App.2d 66, 67-68 [51 Cal.Rptr. 130]; *Knoff* v. *City etc. of San Francisco* (1969) 1 Cal.App.3d 184, 206 [81 Cal.Rptr. 683].)

Respondent Association's cross-appeal is dismissed.

Judgment is affirmed.

Draper, P. J., and Coughlin, J.,* concurred.

---

[6]Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 719-722, 738-739, 760; Schneider, *An Analysis of the Meyers-Milias-Brown Act of 1968* (1969) 1 Cal. Public Employee Relations A-1; Poyer, *Good Faith in Collective Bargaining: Private Sector Experience With Some Emerging Public Sector Problems* (1969) 2 Cal. Public Employee Relations 1; Staudohar, *Strikes and the Rights of Public Employees in California* (1970) 7 Cal. Public Employee Relations 1; Bowen, Feuille & Strauss, *The California Experience* (1971) Cal. Public Employee Relations, Special Issue; Schneider, *Unit Determination: Experiments in California Local Government* (1969) 3 Cal. Public Employee Relations 1.

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.