[Civ. No. 49479. Second Dist., Div. Five. Mar. 29, 1977.]

REDONDO BEACH POLICE OFFICERS ASSOCIATION,
Plaintiff and Respondent, v.
CITY OF REDONDO BEACH et al., Defendants and Appellants.

## COUNSEL

A. Roger Sailors, City Attorney, for Defendants and Appellants.

Stephen Warren Solomon and Richard Goldman for Plaintiff and Respondent.

## OPINION

**KAUS, P. J.**—Respondent City of Redondo Beach appeals from a judgment granting a peremptory writ of mandate in favor of petitioner Redondo Beach Police Officers Association. The trial court also awarded attorneys' fees to petitioner under Government Code section 800.

### FACTS

The undisputed facts are as stated in appellant city's brief.

In December 1968, the city, to carry out the provisions of the Meyers-Milias-Brown Act (MMB), established four employee representation units. The Redondo Beach Police Relief Association was recognized as the representative of the police group and the Redondo Beach Civil Service Employees Association was recognized as the representative of the professional group. The city included in the professional

group the three police captains on whose behalf petitioner[1] filed this action. In 1973, department heads were removed from the professional group and placed in a new employee group designated as the "executive group."

On November 3, 1975, the three police captains requested recognition as a separate bargaining unit within petitioner association. The city refused. This proceeding followed.

## DISCUSSION

We note at the outset that the trial court's award of attorney's fees under Government Code section 800 was amply justified.[2]

The MMB Act provides as follows: First, any agency may designate "management and confidential employees" and restrict "such employees from representing any employee organization, which represents other employees of the public agency, . . ." (Gov. Code, § 3507.5.) Second, the agency may further prohibit certain law enforcement personnel from participating in employee organizations "where it is in the public interest to do so; *however, the governing body may not prohibit the right of its employees who are full-time 'peace officers,' [defined] to join or participate in employee organizations which are composed solely of such peace officers,* . . ." (§ 3508. Italics added.)

Section 3508 is clear: All peace officers are entitled to be represented by a group from which others are excluded. In any event, *Santa Clara County Dist. Attorney Investigators Assn.* v. *County of Santa Clara* (1975) 51 Cal.App.3d 255 [124 Cal.Rptr. 115], held unequivocally that section 3508 "grants to peace officers . . . the right to be placed in an employee representation unit exclusive of and separate from nonpeace officer employees." (*Id.,* at p. 263, fn. omitted.)

[1]Petitioner represents all peace officers from the rank of lieutenant and below. It is not clear whether petitioner succeeded the Redondo Beach Police Relief Association or whether that organization changed its name. The matter is, in any event, irrelevant.

[2]Government Code section 800 provides as follows: "In any civil action to appeal or review the . . . determination of any administrative proceeding . . . where it is shown that the . . . determination of such proceeding was the result of arbitrary or capricious action . . . the complainant if he prevails . . . may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars . . . ."

The trial court awarded the maximum statutory amount.

The city does not try to distinguish *Santa Clara*.[3] Instead, the city attempts to justify its refusal to recognize the police captains' rights to a separate bargaining unit by relying on two quite unhelpful cases.

*Fire Fighters Union* v. *City of Vallejo* (1974) 12 Cal.3d 608 [116 Cal.Rptr. 507, 526 P.2d 971], has nothing to do with section 3508; the issue was the scope of bargaining, not the composition of bargaining units, under MMB. In resolving a threshold issue concerning the scope of arbitration proceedings (12 Cal.3d at p. 614), the court, relying on analogies to NLRA, pointed out that "supervisory or managerial employees are routinely excluded from the bargaining units under the National Labor Relations Act." (*Id.,* at p. 618.) It does not follow that the Legislature could not include such employees in bargaining units; besides, the three police captains in this case would be satisfied with a separate unit within petitioner association.

*Organization of Deputy Sheriffs* v. *County of San Mateo, supra,* 48 Cal.App.3d 331, the case chiefly relied on by the city, supports petitioner's position. In *Deputy Sheriffs,* the sheriff's captains, chief civil deputy, and the district attorney's chief investigator were designated as management employees and placed in the all county management unit, which included employees having nothing to do with law enforcement. The peace officers organization petitioned for the creation of a new law enforcement management unit. This petition was granted. However, the civil service commission included, over the objections of the organization, sheriff's lieutenants in the law enforcement management unit. The organization sought to compel the county to continue lieutenants in the basic law enforcement unit and to add to that unit certain other peace officer employees. (48 Cal.App.3d at pp. 334-335.)

The trial court found that the creation of two law enforcement units violated the rights of peace officers under section 3508. The appellate court reversed (*id.,* at p. 336) solely on the grounds that the county was entitled to segregate law enforcement management employees in a unit composed solely of such law enforcement personnel. (*Id.,* at pp. 341-342.)

---

[3]*Santa Clara* did not, apparently, involve employees who might be considered "management" or "confidential" employees under Government Code section 3507.5. However, section 3508 carves an exception for all peace officers, regardless of rank. (See *Organization of Deputy Sheriffs* v. *County of San Mateo* (1975) 48 Cal.App.3d 331 [122 Cal.Rptr. 210], discussed in the text.) In any event, the city never classified the police captains as members of the "executive group."

Nothing in *Deputy Sheriffs* suggests that the county in that case could have grouped law enforcement management personnel in a bargaining unit with other nonlaw enforcement management personnel. Indeed, all that petitioner in this case seeks is what the fight was all about in *Deputy Sheriffs*: Either a unit within the association composed solely of police captains or the inclusion of the police captains within the existing unit.

Finally, we note that there is no merit to the city's contention that the Redondo Beach Police Officers Association has no standing to sue and is not a real party in interest. (*East Bay Mun. Employees Union* v. *County of Alameda* (1970) 3 Cal.App.3d 578, 579, fn. 1 [83 Cal.Rptr. 503].) The city points out that *Professional Fire Fighters, Inc.* v. *City of Los Angeles* (1963) 60 Cal.2d 276 [32 Cal.Rptr. 830, 384 P.2d 158], relied on in *East Bay Mun. Employees Union,* involved an incorporated association. This is a distinction without a difference. ■ Since 1967, any unincorporated association has the right to sue or be sued. (Code Civ. Proc., § 388, subd. (a); see also *Professional Fire Fighters, Inc.* v. *City of Los Angeles, supra,* 60 Cal.2d 276, 283-284, fn. 7.)

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.