[Civ. No. 17631. Fourth Dist., Div. Two. Dec. 14, 1977.]

PUBLIC EMPLOYEES OF RIVERSIDE COUNTY, INC.,
Plaintiff and Respondent, v.
COUNTY OF RIVERSIDE et al., Defendants and Appellants.

**COUNSEL**

Ray T. Sullivan, Jr., County Counsel, and Steven A. Broiles, Deputy County Counsel, for Defendants and Appellants.

Welebir, Brunick & Taylor and William J. Brunick for Plaintiff and Respondent.

**OPINION**

**TAMURA, Acting P. J.**—This appeal involves the representation rights of supervisory employees under the Meyers-Milias-Brown Act (hereafter MMB Act; Gov. Code, § 3500 et seq.).[1] Two questions are presented: (1) Does the MMB Act require the board of supervisors of a county to meet and confer with a recognized employee organization regarding wages, hours and other terms and conditions of employment of its members who are supervisory employees? (2) May the county validly adopt a rule which would prohibit a recognized employee organization from meeting and conferring with the board of supervisors on behalf of member employees in supervisory positions? For reasons expressed below, we answer the first question in the affirmative and the second in the negative.

The facts are not in dispute. Pursuant to the MMB Act, the Board of Supervisors of Riverside County (board) adopted an employee relations resolution (ERR) prescribing rules and regulations for the implementa-

---

[1] All statutory references are to the Government Code unless otherwise indicated.

tion of the state law. The ERR established a number of employee representation units including a unit composed of "supervisory employees and employees having substantial managerial functions, major administrative control, or primary responsibility for the performance of an essential specific function." (ERR, § 8-a-1.) Public Employees of Riverside County, Inc. (PERC) is the recognized exclusive employee representative for most of the representation units of county employees.

In 1974, employees in the supervisory unit voted to have PERC as their exclusive bargaining representative. PERC and the county thereafter entered into a memorandum of understanding with respect to the supervisory employees for the fiscal years 1974-1975 and 1975-1976. Accordingly, for those two years the board met and conferred with PERC's representatives with respect to the wages, hours and other terms and conditions of employment of supervisory employees. However, the board rejected PERC's request for a renewal of the memorandum of understanding and, upon expiration of the current agreement, declined to meet and confer with PERC concerning employees in the supervisory unit. Instead, the board proposed an amendment to the ERR which would prohibit any employee organization from meeting and conferring with the board on behalf of supervisory employees.

PERC thereupon instituted the instant mandate proceeding in the superior court to compel the board to meet and confer with it as the representative of the employees in the supervisory unit. Meanwhile, the board, following a public hearing, adopted the following amendment to the ERR: "d. No employee organization shall be permitted to meet and confer on wages, hours or other terms and conditions of employment for any person serving in an executive, management, supervisory or confidential position."

The county's answer to the petition for writ of mandate set up a two-prong defense: (1) The MMB Act does not require the governing body of a public agency to meet and confer with an employee organization respecting wages, hours, and other terms and conditions of employment of employees in supervisory positions, and (2) the amendment to the ERR precludes PERC from negotiating on behalf of supervisory employees. Following submission of the cause on the pleadings and written arguments, the court rendered a memorandum of intended decision in which it decided that the board was required to meet and confer with PERC with respect to supervisory employees and

that the amendment to the ERR was invalid. Findings of fact, conclusions of law and judgment were entered accordingly and this appeal ensued.

## I

### SUPERVISORY EMPLOYEES' RIGHT TO REPRESENTATION

The county contends that in *Fire Fighters Union* v. *City of Vallejo*, 12 Cal.3d 608 [116 Cal.Rptr. 507, 526 P.2d 971], our high court held that the MMB Act does not confer representation rights to supervisory employees of public agencies. Thus, the threshold issue is whether *Vallejo* compels the result advocated by the county.

*Vallejo* involved the interpretation of a city charter provision requiring arbitration of labor disputes. (*Id.,* at pp. 612-613.) In negotiations between the fire fighters union and the city over the terms of a new contract, the parties failed to agree on a number of issues. (*Id.,* at p. 611.) In accordance with the procedure provided in the charter, the disputed issues were submitted to mediation and fact finding, and when those procedures failed to resolve the disputed issues, the city agreed to submit all issues to arbitration except "Personnel Reduction," "Vacancies and Promotions," "Schedule of Hours," and "Constant Manning Procedure." *(Id.)* In a mandate proceeding to compel the city to submit the disputed issues to arbitration, the trial court found in favor of the union and entered judgment commanding the city to proceed to arbitration on all issues, including the four which the city maintained were nonarbitrable. (*Id.,* at p. 612.) The city appealed. *(Id.)*

The *Vallejo* charter provided that city employees had the right to negotiate "on matters of wages, hours and working conditions, but not on matters involving the merits, necessity, or organization of any service or activity. . . ."[2] (*Id.,* at p. 614, fn. 5.) The high court analyzed the four disputed issues and concluded that they were all negotiable, some in full and others to a limited extent. (*Id.,* at p. 623.)

---

[2]Section 3504 of the MMB Act contains similar language respecting the scope of bargaining. It provides: "The scope of representation shall include all matters relating to employment conditions and employer-employee relations, including, but not limited to, wages, hours, and other terms and conditions of employment, except, however, that the scope of representation shall not include consideration of the merits, necessity, or organization of any service or activity provided by law or executive order."

The critical language on which the county relies appears in the court's discussion of the negotiability of the issue of "Vacancies and Promotions." The court determined that the union's proposals affected fire fighters' job security and hopes for advancement and as such related to negotiable terms and conditions of employment. (*Id.,* at p. 618.) However, the court added: "The city contends that this proposal may not apply to appointment or promotion to the position of deputy fire chief. Although the Vallejo charter does not contain any provision for determining the proper bargaining unit, supervisory or managerial employees are routinely excluded from the bargaining units under the National Labor Relations Act. (*N.L.R.B.* v. *Gold Spot Dairy, Inc.* (10th Cir. 1970) 432 F.2d 125; see *N.L.R.B.* v. *Bell Aerospace Co.* (1974) 416 U.S. 267 [40 L.Ed.2d 134, 94 S.Ct. 1757]; by analogy, we conclude that under the charter *the union can claim no right to bargain as to supervisory positions.*" (*Id.,* italics added.)

The language we have underscored in the quotation from *Vallejo* was obiter dictum. The actual holding was that the subject of "Vacancies and Promotions" was negotiable except insofar as it pertained to appointment or promotion to the position of deputy fire chief, if in fact that position was found to be supervisory. *(Id.)* Thus, in the dispositional section of its opinion, the court stated: "The proposal as to Vacancies and Promotions is arbitrable. The arbitrators shall additionally hear the facts to determine whether the position of deputy fire chief is a supervisory one and thus excluded from the bargaining unit. If so, the Vacancies and Promotions proposal cannot apply to the deputy fire chief position." (*Id.,* at p. 623.)

We thus agree with the Court of Appeal in *Redondo Beach Police Officers Assn.* v. *City of Redondo Beach,* 68 Cal.App.3d 595 [137 Cal.Rptr. 384], that in *Vallejo* "the issue was the scope of bargaining, not the composition of bargaining units, under MMB. In resolving a threshold issue concerning the scope of arbitration proceedings (12 Cal.3d at p. 614), the court, relying on analogies to NLRA, pointed out that 'supervisory or managerial employees are routinely excluded from the bargaining units under the National Labor Relations Act.' (*Id.,* at p. 618.) It does not follow that the Legislature could not include such employees in bargaining units; . . ." (*Redondo Beach Police Officers Assn.* v. *City of Redondo Beach, supra,* 68 Cal.App.3d 595, 598.)

Unlike the Labor Management Relations Act which expressly excludes "any individual employed as a supervisor" from the definition of the term "employee" (29 U.S.C.A. § 152(3)), the MMB Act defines "public employee" as "any person employed by any public agency . . . excepting those persons elected by popular vote or appointed to office by the Governor of this state." (§ 3501, subd. (d).) Thus, in a decision rendered six months after *Vallejo* was filed, *Organization of Deputy Sheriffs* v. *County of San Mateo*, 48 Cal.App.3d 331 [122 Cal.Rptr. 210], hearing denied, the Court of Appeal observed: "Contrary to federal practice, by virtue of the broad definition of 'public employee' in section 3501, subdivision (d), which excludes only elected officials and those appointed by the Governor, MMB extends organizational and representation rights to supervisory and managerial employees without regard to their position in the administrative hierarchy. The act is silent about their unit placement. The California Legislature thus minimized the potential or actual conflict of interest that, as mentioned in *NLRB* v. *Bell Aerospace Co.* (1974) 416 U.S. 267, 271-272 [40 L.Ed.2d 134, 141-142, 94 S.Ct. 1757], was the basis for the total exclusion of management employees that obtains under federal law. [Fn. omitted.]" (*Organization of Deputy Sheriffs* v. *County of San Mateo, supra,* 48 Cal.App.3d 331, 338.)

*Placentia Fire Fighters* v. *City of Placentia,* 57 Cal.App.3d 9 [129 Cal.Rptr. 126], on which the county also relies, did not involve the question here presented. The central issue in *Placentia* was whether the trial court's finding that the city did meet and confer in good faith with the union representing fire department employees was supported by the evidence. (*Id.,* at p. 21.) One of the union's numerous contentions on appeal was that the city's initial exclusion of two nonunion fire captains from the bargaining unit demonstrated bad faith. (*Id.,* at p. 24.) Although in discussing that contention the court made passing reference to the language in *Vallejo* that the " 'union can claim no right to bargain as to supervisory positions,' " the contention was rejected because the evidence showed that the city was willing to bargain on the issue of inclusion of the two fire captains in the bargaining unit and was even willing to agree to their inclusion as a condition of an overall settlement. (*Id.*) Therefore, the court concluded there was substantial evidence to support the trial court's finding that the city did meet and confer in good faith on that issue. (*Id.,* at p. 25.) *Placentia* does not hold that the MMB Act does not accord representation rights to supervisory employees.

In view of the all-inclusive statutory definition of the term "public employee" (§ 3501, subd. (d)), the right granted to recognized employee organizations to represent their members in their employment relations with public agencies (§ 3503), and the obligation of a public agency to "meet and confer in good faith" with representatives of recognized employee organizations (§ 3505), the MMB Act requires the governing body of a public agency to meet and confer with a recognized employee organization regarding terms and conditions of employment of supervisory employees who are members of the employee organization. (§ 3505.)

That it is the policy of this state to accord representation rights to public employees in supervisory positions is further confirmed by the recent enactment of the state Employer-Employee Relations Act (Stats. 1977, ch. 1159, adding ch. 10.3 [commencing with § 3512] to div. 4 of tit. 1 of the Gov. Code). Though excluded from other provisions of the act (§ 3522), state supervisory employees are granted the right to be represented by an employee organization of their own choosing in matters relating to terms and conditions of employment.[3]

## II

### VALIDITY OF THE AMENDMENT TO ERR

■ We next address the county's contention that its refusal to meet and confer with PERC as a representative of employees in the supervisory unit was justified by the following amendment to the ERR: "(d) No employee organization shall be permitted to meet and confer on

---

[3] Section 3522.3 provides: "Supervisory employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purposes of representation on all matters of supervisory employee-employer relations as set forth in Section 3522.6. Supervisory employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public employer."

Section 3522.5 provides: "The scope of representation for supervisory employees shall include all matters relating to employment conditions and supervisory employee-employer relations including wages, hours, and other terms and conditions of employment."

Section 3522.6 provides: "Upon request, the state shall meet and confer with employee organizations representing supervisory employees. 'Meet and confer' means that they shall consider as fully as the employer deems reasonable such presentations as are made by the employee organization on behalf of its supervisory members prior to arriving at a determination of policy or course of action."

wages, hours or other terms and conditions of employment for any person serving in an executive, management, supervisory or confidential position."

The county posits the board's power to adopt the amendment on the authority granted to it by section 3507 "to adopt reasonable rules and regulations . . . for the administration of employer-employee relations" and more specifically on the power granted a public agency by section 3507.5 to "adopt reasonable rules and regulations providing for the designation of the management and confidential employees of the public agency and restricting such employees from representing any employee organization, which represents other employees of the public agency, on matters within the scope of representation." Neither the general rule-making power granted by section 3507 nor the more specific authority granted by section 3507.5 empowered the board to adopt the amendment.

The board's amendment to the ERR would deny supervisory employees all representation rights and as such is patently inconsistent with the MMB Act. We repeat what we said in *Huntington Beach Police Officers' Assn. v. City of Huntington Beach*, 58 Cal.App.3d 492 [129 Cal.Rptr. 893], concerning the rule-making power of public agencies under section 3507: "Although the Legislature did not intend to preempt all aspects of labor relations in the public sector, we cannot attribute to it an intention to permit local entities to adopt regulations which would frustrate the declared policies and purposes of the MMB Act. Were we to uphold the city's regulation in question, local entities would, as Professor Grodin observed, be 'free to adopt rules prohibiting employees from joining unions, to decline recognition to any organization, and to refuse to meet or confer with recognized organizations on matters pertaining to employment relations—in short, to undercut the very purposes which the act purports to serve. Such an interpretation is inconsistent with the general objectives of the statute as declared in the preamble and with the mandatory language which appears in many of the sections.' (Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 724-725.) In the words of Professor Grodin, the power reserved to local agencies to adopt rules and regulations was intended to permit supplementary local regulations which are 'consistent with, and effectuate the declared purposes of, the statute as a whole.' (Grodin, *supra,* at p. 725.) [Fn. omitted.]" (*Hunting-*

*ton Beach Police Officers' Assn.* v. *City of Huntington Beach, supra,* 58 Cal.App.3d 492, 501-502.)

At oral argument the county suggested that the amendment was only intended to proscribe an employee organization whose membership includes the rank and file from also representing members who are in supervisory positions. We do not so read the amendment. It provides that "[n]o employee organization" may represent supervisory employees. However, even were it possible to construe the amendment as suggested by the county, it would still be invalid. The statute gives employees "the right to form, join, and participate in the activities of employee organizations *of their own choosing* for the purpose of representation on all matters of employer-employee relations. . . ." (§ 3502, italics added.)

Nor does section 3507.5 permit the board to adopt the amendment. In his memorandum of intended decision, the trial judge rejected that contention, stating: "A reading of that section [§ 3075.5] does not persuade me, however, that it goes so far as to permit a regulation prohibiting the representatives of such employees from bargaining with the county. At most it appears only to give the agency the authority to designate management and confidential employees and to restrict them from representing certain employee organizations. Nothing suggests that it was intended to override the requirement in section 3505 that the governing body of a public agency must meet and confer in good faith regarding wages, hours and other terms and conditions of employment."[4] We agree with the views expressed. We would add that except as

---

[4]Section 3507.5 was designed to enable a public agency to draft reasonable rules and regulations within the scope of the section to avoid potential conflict of interest between supervisory and nonsupervisory employees in negotiating terms and conditions of employment. (See *Reinbold* v. *City of Santa Monica,* 63 Cal.App.3d 433, 439, 442 [133 Cal.Rptr. 874].)

We note that in the new State Employer-Employee Relations Act the Legislature directly dealt with the conflict of interest problem. Section 3522.2 provides:

"(a) Supervisory employees shall not participate in the handling of grievances on behalf of nonsupervisory employees. Nonsupervisory employees shall not participate in the handling of grievances on behalf of supervisory employees.

"(b) Supervisory employees shall not participate in meet and confer sessions on behalf of nonsupervisory employees. Nonsupervisory employees shall not participate in meet and confer sessions on behalf of supervisory employees.

"(c) The prohibition in subdivisions (a) and (b) shall not be construed to apply to the paid staff of an employee organization.

"(d) Supervisory employees shall not vote on questions of ratification or rejection of memorandums of understanding reached on behalf of nonsupervisory employees."

otherwise expressly provided by the statute,[5] section 3507.5 was not intended to permit a public agency to nullify the basic right granted to an employee by section 3502 to join and to be represented by a recognized employee organization of his own choosing. (See *Reinbold* v. *City of Santa Monica, supra,* 63 Cal.App.3d 433, 442.)

We conclude that the amendment to the ERR exceeds the rule-making power of the board and is, therefore, void.

Judgment is affirmed.

Morris, J., concurred.

KAUFMAN, J.—I concur in all of the majority opinion except that portion of part II which purports to hold county could not validly enact an ordinance to the effect that supervisorial employees may not be represented by the same employee organization which represents the rank and file. As to that portion I dissent.

As the majority opinion correctly indicates, the amendment to the employee relations resolution adopted by county does not purport to and cannot be construed to prohibit representation of both units by the same employee organization. The question of the validity of an ordinance which does so provide is therefore not at issue in this case and should not be decided. While the language of Government Code section 3502 would appear to support the conclusion reached by the majority, it is not necessarily conclusive. The question has not been briefed by the parties, and its resolution should be deferred until decision of a case in which its resolution is necessary to the decision. (See 6 Witkin Cal. Procedure (2d ed.) Appeal, § 223, pp. 4212-4213.)

Appellants' petition for a hearing by the Supreme Court was denied February 10, 1978. Richardson, J., was of the opinion that the petition should be granted.

---

[5] The exception pertains to law enforcement positions. (§ 3508.)