[No. E008654. Fourth Dist., Div. Two. June 11, 1992.]

SAN BERNARDINO COUNTY SHERIFF'S EMPLOYEES' BENEFIT ASSOCIATION, Plaintiff and Appellant, v.
SAN BERNARDINO COUNTY BOARD OF SUPERVISORS et al., Defendants and Appellants;
SAN BERNARDINO COUNTY PUBLIC EMPLOYEES' ASSOCIATION, Real Party in Interest and Respondent.

604

COUNSEL

Silver, Goldwasser & Schaeffer and Stephen H. Silver for Plaintiff and Appellant.

Alan K. Marks, County Counsel, and W. Andrew Hartzell, Deputy County Counsel, for Defendants and Appellants.

No appearance for Real Party in Interest and Respondent.

OPINION

DABNEY, Acting P. J.—The County of San Bernardino and its board of supervisors (Board)[1] appeal from a judgment in a writ of mandate action. The judgment directs the County to grant the request of the San Bernardino County Sheriff's Employees' Benefit Association (SEBA) to modify certain employee representation units. The County contends that: (1) the employees included in the requests for modification (hereafter, the affected employees) were not peace officers within the meaning of Government Code section 3508[2] and County Code section 13.026(c); (2) the County's Employee Relations Panel (hereafter, Panel) exceeded its authority; (3) the affected employees did not demonstrate that the proposed representation units were appropriate for their classifications; (4) the trial court erred in finding a conflict between the County Code and state statutes; and (5) the County's procedural rules were reasonable.

SEBA cross-appeals from the denial of its request for attorney fees under section 800 and Code of Civil Procedure section 1021.5.

FACTS

In November 1988, SEBA submitted two petitions to the Panel. The petitions sought to modify employee representation units.

The first petition sought to transfer 37 employees from the technical and inspection unit to the safety unit. The employees to be transferred were in

---

[1]The County of San Bernardino and the Board are sometimes referred to collectively hereafter as "County."

[2]All further statutory references are to the Government Code unless otherwise indicated.

the classifications of fraud investigator I, fraud investigator II, child support field investigator, and deputy coroner investigator.

The second petition sought to transfer nine employees from the supervisory unit to the safety management and supervisory unit. The employees to be transferred were in the classifications of supervising fraud investigator, supervising child support investigator, and supervising deputy coroner investigator.

The Panel held a hearing on the petitions and received evidence and written and oral argument. The Panel found that the affected employees were peace officers who had a right under section 3508[3] to be included in a representation unit consisting solely of peace officers. The Panel therefore granted the petitions, finding that because the affected employees had such a right, all other issues were moot.

The Board rejected the recommendation of the Panel on the grounds that: (1) the Panel exceeded its authority in determining that state law superseded the County Code; (2) the Panel's implied finding that the petitions complied with the County's procedural requirements was not supported by the evidence; (3) the Panel failed to find that the proposed units were appropriate; (4) section 3508 was not intended to apply to all peace officers; and (5) the classifications of the affected employees did not fall within the definitions of the proposed representation units.

SEBA then filed a petition seeking a writ of mandate directing the Board to set aside its decision and to grant the petitions for unit modification. The court found the County had a right, under section 3507,[4] to establish reasonable rules and regulations controlling the establishment and modification of bargaining units. The court stated that the County's requirements were not unreasonable. Nonetheless, the court granted the petition for writ of

---

[3]Section 3508 provides, "[T]he governing body [of a public agency] may not prohibit the right of its employees who are full-time 'peace officers' as that term is defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, to join or participate in employee organizations which are composed solely of such peace officers, which concern themselves solely and exclusively with the wages, hours, working conditions, welfare programs, and advancement of the academic and vocational training in furtherance of the police profession, and which are not subordinate to any other organization."

[4]Section 3507 states, "A public agency may adopt reasonable rules and regulations after consultation in good faith with representatives of an employee organization or organizations for the administration of employer-employee relations under this chapter . . . ."

mandate. In doing so, the court relied on section 3508 and on County Code section 13.026(c).[5]

DISCUSSION

I

*Standard of Review*

█  " '[W]hen a trial court has made its own determination on all material facts and made findings using its own independent judgment . . . , it will be the trial court's findings and not those of the administrative agency that will be reviewed on appeal. . . . [Citation.] The appellate court will only reverse the judgment of the superior court if it is based on an erroneous conclusion of law. [Citation.] When the facts do not conflict and the issues involve proper application of a statute or administrative regulation, a reviewing court is not bound by the trial court's determination. [Citation.]' [Citation.]" (*Webb* v. *Miller* (1986) 187 Cal.App.3d 619, 625 [232 Cal.Rptr. 50].)

II

*Scope of Section 3508*

Section 3508 grants certain peace officers a right to be represented by a group composed entirely of other peace officers. In *Santa Clara County Dist.*

---

[5]County Code section 13.026(c) sets forth factors to consider in determining employee representation units: "The foregoing units are determined to be authorized employee representation units based upon relationships within the classification structure and treatment unique to these units as to similar type of grievances, common application of benefits and working conditions, factors used in rating performance; impact of achieving an effective level of employee representation, historical employer-employee relationships; the numerical size of the unit, the relationship of the unit to organizational structure of the County, and the effect on the existing classification structure of dividing a single class among two (2) or more units; the effect of the proposed unit on the efficient operations of the County and the compatibility of the unit with the responsibilities of the County and its employees to serve the public; and, the effect that the unit will have on employer-employee relations emphasizing the availability and authority of County representatives to bargain effectively with the exclusive recognized employee organization. The relevant and overriding consideration in establishing the units is to establish units composed of the largest number of employees that have a community of interest regardless of precise preparatory qualifications, common supervision or interchangeability of skills; *provided, however, that sworn peace officers have the right to be included in a unit of representation comprised exclusively of sworn peace officers.*" (Italics added.)

*Attorney Investigators Assn.* v. *County of Santa Clara* (1975) 51 Cal.App.3d 255 [124 Cal.Rptr. 115], peace officers sought to be removed from an "All County" representation unit. The court granted the relief sought, explaining, "It is clear from section 3508 that peace officers have the right to a separate public employees organization, . . . The only question is whether there is a concurrent right to a separate all peace officer representation unit. We have concluded that section 3508, read together with other sections of the Meyers-Milias-Brown Act (MMB Act), makes it equally clear that peace officers are entitled to such separate representation unit." (*Id.,* at p. 259.) The court in *Redondo Beach Police Officers Assn.* v. *City of Redondo Beach* (1977) 68 Cal.App.3d 595 [137 Cal.Rptr. 384] also determined that "Section 3508 is clear: All peace officers are entitled to be represented by a group from which others are excluded." (*Id.,* at p. 597.)

When the petitions for modification of representation were filed, Penal Code section 830.31, subdivisions (d) and (e) included welfare fraud investigators, child support investigators, and deputy coroners as peace officers. The County contends, however, the affected employees were not peace officers under section 3508.

Section 3508 was amended in 1971 to refer to "full-time 'peace officers' *as that term is defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code.*" (Italics added.) ■ " ' "[I]t is a well established principle of statutory law that, where a statute adopts by *specific reference* the provisions of another statute, regulation, or ordinance, *such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified,* . . . [Citations.] [¶] . . . [T]here is a cognate rule, . . . to the effect that where the reference is general instead of specific, such as a reference to a system or body of laws or to the general laws relating to the subject at hand, the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time, and . . . as they may be subjected to elimination altogether by repeal. [Citations.]" ' (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 58-59 [. . . ], italics added.)" (*In re Oluwa* (1989) 207 Cal.App.3d 439, 445 [255 Cal.Rptr. 35].)

In *Oluwa,* the court held that a reference in a ballot proposition to " 'Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code' " (*In re Oluwa, supra,* 207 Cal.App.3d at p. 445) was a reference to a specific article, and not to a "system or body of laws or to the general law relating to the subject at hand." (*Ibid.*) Thus, subsequent amendments to the specific article incorporated by reference did not apply to

the proposition, and the defendant was bound by the proposition's terms as enacted by the electorate. (*Ibid.*)

Here, the reference in section 3508 to a specific article of the Penal Code incorporated that article as it existed when section 3508 was amended in 1971, not as the Penal Code was later amended. We therefore examine whether each of the affected employee classifications was included within the definition of peace officers when section 3508 was amended in 1971.

A. *Child Support Investigators and Supervising Child Support Investigators.*

█ Child support investigators and supervising child support investigators were not classified as peace officers until 1980 when Penal Code section 830.31, subdivision (d) was added to title 3 of part 2 of the Penal Code. (Stats. 1980, ch. 1340, § 9, p. 4723.) Thus, child support investigators and supervising child support investigators are not peace officers within the scope of section 3508. (See *In re Oluwa, supra,* 207 Cal.App.3d at p. 445.) The trial court erred as a matter of law in concluding that these categories of employees were peace officers for purposes of section 3508.

B. *Welfare Fraud Investigators and Supervising Welfare Fraud Investigators.*

█ On Oct. 19, 1971, Penal Code former section 830.11 was added to chapter 4.5 of the Penal Code by Statutes 1971, chapter 1122, section 1. Penal Code former section 830.11 established that "Any welfare fraud investigator or inspector, regularly employed and paid as such by the county welfare department is a peace officer when individually designated as such by local ordinance or resolution; . . ."

The reference in section 3508 to chapter 4.5 of the Penal Code was added by Statutes 1971, chapter 438, section 93, approved by the Governor and filed with the Secretary of State on August 2, 1971. Statutes 1971, chapter 1122, which designated welfare fraud investigators as peace officers, did not exist when Statutes 1971, chapter 438 was enacted. Thus, section 3508 does not include welfare fraud investigators as peace officers. (See *In re Oluwa, supra,* 207 Cal.App.3d at p. 445.)

Moreover, Penal Code former section 830.11 included welfare fraud investigators within the definition of peace officers only when the investigators were designated as peace officers under a local ordinance or resolution. The parties have not identified any such local ordinance or resolution which applied to welfare fraud investigators. We conclude the trial court erred as a matter of law in concluding that these categories of employees were peace officers for purposes of section 3508.

C. *Deputy Coroner Investigators and Supervising Deputy Coroner Investigators.*

By Statutes 1971, chapter 73, approved by the Governor and filed with the Secretary of State on May 17, 1971, and adopted as an urgency measure, deputy coroners were included within the definition of peace officers in chapter 4.5 of the Penal Code. Thus, when section 3508 was amended, chapter 4.5 of the Penal Code did include deputy coroners as peace officers. We therefore consider whether the judgment should be upheld as to deputy coroner investigators and supervising deputy coroner investigators.

III

*Scope of Panel's Authority*

The County contends the Panel exceeded its authority in declaring that the County Code was inconsistent with and superseded by state law. This issue is a red herring. If the Panel incorrectly interpreted the law, it should be reversed on the merits. If the Panel correctly determined that state law prevailed over local ordinances, it would be senseless to endorse the Board's decision which would then be contrary to law. We review here the decision of the trial court, and we independently review legal questions such as a purported conflict between state and local law. Thus, we decide the conflict issue on its own merits. The scope of the Panel's powers is irrelevant to this determination.

IV

*Conflict With County Code Section 13.027(i)*

The petitions were accompanied by authorization cards signed by all the affected employees. However, the petitions did not demonstrate proof of support of 30 percent of the employees within the proposed new representation units as required under County Code section 13.027(i). Moreover, the employees requesting transfer did not constitute 20 percent of either the unit in which they were presently placed or the unit to which they sought to be transferred (*ibid.*).[6]

---

[6]There were 10 deputy coroner investigators who sought transfer to the safety unit, which included 776 employees; there were 6 supervising deputy coroner investigators who sought transfer to the safety management and supervisory unit, which included 202 employees.

The County argues the petition should have been rejected because SEBA did not comply with the requirements of County Code section 13.027(i).[7] The trial court concluded that County Code section 13.027(i) conflicts with section 3508 because it deprived peace officers of their right to belong to a representation unit comprised exclusively of peace officers. The County responds that County Code section 13.027(i) establishes reasonable procedural rules that should be upheld under section 3507.

■ "Where a legislative action by a local governmental agency is attacked as unreasonable, the burden of proof is on the attacking party. Such regulations are presumed to be reasonable in the absence of proof to the contrary. [Citations.]" (*Organization of Deputy Sheriffs* v. *County of San Mateo* (1975) 48 Cal.App.3d 331, 338 [122 Cal.Rptr. 210].) ■ However, a local governmental agency may not adopt rules and regulations that "would frustrate the declared policies and purposes of the [Meyers-Milias-Brown Act, § 3500 et seq.]." (*Huntington Beach Police Officers' Assn.* v. *City of Huntington Beach* (1976) 58 Cal.App.3d 492, 502 [129 Cal.Rptr. 893].) "[T]he power reserved to local agencies to adopt rules and regulations was intended to permit supplementary local regulations which are 'consistent with, and effectuate the declared purposes of, the statute as a whole.' [Citation.]" (*Ibid.*)

### A. *Twenty Percent Requirement.*

■ County Code section 13.027(i) requires a petition for modification of a representation unit to show that "the proposed unit must include at least twenty percent (20%) of the employees making up the authorized employee representation unit proposed to be modified, . . ." (This provision is referred to hereafter as the 20 percent requirement.) SEBA concedes this showing was not made, but contends the requirement was unreasonable.[8]

The 20 percent requirement would eliminate the possibility of correcting a situation in which only a few peace officer employees sought transfer to a

---

[7]County Code section 13.027(i) provides that a petition for modification of an employee representation unit "shall be accompanied by signed employee authorization cards, as acceptable to the Panel, dated within thirty (30) days of the filing of the petition which show proof of support of thirty percent (30%) or more of the employees within the proposed new representation unit, including thirty percent (30%) of the employees proposed to be removed from an existing unit and placed in the proposed new unit; which proposed unit must include at least twenty percent (20%) of the employees making up the authorized employee representation unit proposed to be modified, . . ."

[8]On appeal, the County offers no justification for the 20 percent requirement. We deem this a concession that the requirement is unreasonable.

bargaining unit comprised solely of peace officers. Mistakes in classification would be perpetuated until at least 20 percent of the employees in the unit were affected. Similarly, adjustments required because of changes in work duties could not be made until 20 percent of the unit needed to be transferred to a more appropriate unit. Here, 10 deputy coroner investigators sought to transfer from the technical and inspection unit, which contained 1,643 employees, and 6 supervising deputy coroner investigators sought to transfer from the supervisory unit, which contained 668 employees. Under the 20 percent requirement, no transfer could take place unless at least 329 technical and inspection employees and 134 supervisory employees were improperly classified.

This result would be inconsistent with the policy of section 3508. As the court explained in *Santa Clara County Dist. Attorney Investigators Assn.,* *supra,* 51 Cal.App.3d at pages 262-263, "Obviously, if peace officers were placed in a representation unit with nonpeace officers, the unit would not be concerned solely with the police profession. Peace officers ought not to be put in the position of possibly becoming parties to a public employee labor dispute by being in an organization with nonpeace officers. This would clearly be contrary to the public interest. The right to a separate all peace officer organization would have little meaning if peace officers were placed in a bargaining unit which had as its 'recognized employee organization' (§ 3501, subd. (b)) an organization either predominantly composed of nonpeace officers or not exclusively concerned with peace officer interests."

Because the 20 percent requirement would frustrate the declared policy of section 3508, it cannot be upheld as reasonable under section 3507. (See *Huntington Beach Police Officers' Assn., supra,* 58 Cal.App.3d at pp. 502-503.)

B.  *Thirty Percent Requirement.*

■ County Code section 13.027(i) requires a petition to be accompanied by signed authorization cards which show proof of support of 30 percent or more of the employees within the proposed new representation unit. (This provision is referred to hereafter as the 30 percent requirement.) SEBA concedes this requirement was not met, but argues the requirement was unreasonable. The County contends the 30 percent requirement is reasonable because: (1) it restricts modification of long-established units previously determined appropriate; (2) it prevents unnecessary and inappropriate proliferation of units; and (3) it requires a showing of support from the employees whose representation unit is being expanded.

Unlike the 20 percent requirement, the 30 percent requirement would not interfere with peace officers' right to be represented by a peace officer group. Section 3508 does not encompass the right to belong to a *particular* group, so long as the representation group to which the peace officers are assigned consists solely of other peace officers.

Although the deputy coroner investigators and supervising deputy coroner investigators are entitled to belong to a representation unit consisting solely of other peace officers, that does not mean that they are automatically entitled to join the safety unit and safety management and supervisory unit. The County must consider whether the deputy coroners have a community of interest with the members of the safety unit and safety management and supervisory unit or whether they should be represented in a separate unit. (See *Santa Clara County Dist. Attorney Investigators Assn., supra*, 51 Cal.App.3d at pp. 264-265.) It is within the power of the Board to designate additional peace officer representation units, but the determination of whether a particular unit is appropriate is left to the County rather than to the employee organizations. (*Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81 Cal.App.3d 48, 60 [146 Cal.Rptr. 155]; *Reinbold* v. *City of Santa Monica* (1976) 63 Cal.App.3d 433, 440 [133 Cal.Rptr. 874].) ▮ In determining whether a bargaining unit is appropriate, a public agency is governed by a standard of reasonableness. (*Alameda County Assistant Public Defenders Assn.* v. *County of Alameda* (1973) 33 Cal.App.3d 825, 829 [109 Cal.Rptr. 392]; *Reinbold, supra*, at p. 440.) "The criteria for determining an appropriate unit may include, but should not be limited to, such factors as community of interest among the employees, history of representation, and the general field of work. [Citation.]" (*Reinbold, supra*, at p. 440.)

The desire of employees is a factor to consider in determining appropriate bargaining units. (See *Santa Clara County Dist. Attorney Investigators Assn., supra*, 51 Cal.App.3d at pp. 260-261; *Organization of Deputy Sheriffs, supra*, 48 Cal.App.3d at p. 339, fn. 6.) ▮ The 30 percent requirement assures that the employees in the proposed unit support the addition of new classifications of employees. The 30 percent requirement is reasonable under section 3508. We conclude the trial court erred in granting the petition for writ of mandate absent a showing in the record of compliance with the 30 percent requirement.

*County Code Section 13.026(c).*

▮ In granting the petition for writ of mandate, the trial court relied in part on County Code section 13.026(c), the relevant portion of which states, "[S]worn peace officers have the right to be included in a unit of represen-

tation comprised exclusively of sworn peace officers." SEBA argues that the County Code expanded on section 3508 by granting the right to a separate representation unit to all sworn peace officers, not just those defined in chapter 4.5 of the Penal Code when the ordinance was adopted.

We conclude that County Code section 13.026(c) cannot provide a basis for the relief sought in this proceeding: transfer of employees to the existing safety unit and safety management and supervisory unit. If we were to construe County Code section 13.026(c) to include employees other than those specified in section 3508, the County Code would then become inconsistent with state law. Section 3508 provides a right to a specific group of peace officer employees to be included in a representation unit consisting solely of peace officers within that group. If counties were permitted to expand the group, it would deprive the peace officers included within section 3508 of their right to an exclusive representation unit.

We need not address the issue whether County Code section 13.026(c) may grant sworn peace officers *not* included within section 3508 the right to be included in a representation unit comprised solely of other sworn peace officers *not* included within section 3508. The petition for unit modification did not seek such relief, so the issue is not before us.

*Additional Peace Officer Unit.*

SEBA urges this court to order that the deputy coroner classifications be removed from their current representation units and placed in a unit or units consisting solely of other peace officers, even if the County must create an additional unit to do so. We decline to order such relief. Although we conclude that the deputy coroner classifications have a right to be placed in such a unit, the petitions for unit modification sought only a transfer from current units to the existing safety unit and safety management and supervisory unit. It would exceed our function as a court of review for us to unilaterally order the County to provide a form of relief SEBA never sought below.

CROSS-APPEAL

SEBA filed a cross-appeal from the denial of its request for attorney fees under section 800 and Code of Civil Procedure section 1021.5. Because we reverse the judgment favorable to SEBA, the issue of its entitlement to attorney fees as a prevailing party becomes moot.

## DISPOSITION

The judgment is reversed. The County shall recover its costs on appeal.

Hollenhorst, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied June 30, 1992.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.